THE INDIANAPOLIS, PERU AND CHICAGO RAILWAY COMPANY,
Respondent, *v.* THOMAS M. TYNG, Appellant.

Material representations by a vendor of matters assumed by him to be within his personal knowledge, made with intent to deceive the vendee, which are untrue and are relied upon by the vendee in making the purchase to his damage, are, in a legal sense, false and fraudulent, although the vendor did not know them to be untrue.

Where a vendor, in the course of the negotiations for a sale, authorizes an agent to make representations to the vendee as to the quality of the goods to be sold, and recommends the agent to the vendee as one whose statements are to be relied upon, such vendor is liable for false representations made by the agent.

Although, upon a sale of property, a warranty of quality is taken by the vendee, yet, if it appear that he was induced to make the purchase and to take the warranty in reliance upon representations on the part of the vendor knowingly false and fraudulent, an action *ex delicto* may be maintained.

(Argued December 15, 1875; decided January 18, 1876.)

THIS was an action for fraud. (Reported below, 2 Hun, 311.)

The first count in the complaint alleged, in substance, that defendant presented to plaintiff's agent a description of two locomotives which he represented as for sale, and requested authority to purchase the same for defendant; that defendant falsely and fraudulently represented that $26,000 was the lowest price for which the owner would sell the same; that, relying on such representations, plaintiff's agent authorized the purchase thereof, and, upon defendant's report, that he had accepted the offer, paid to him the said sum of $26,000, with $500 for his commissions; that, in truth and in fact, the owners had agreed to sell said engines for $20,000, and that defendant paid for the same not exceeding that amount.

The second count alleged that defendant, with intent to cheat and defraud plaintiff, further falsely and fraudulently represented said engines to correspond with a description or specification thereof exhibited by him to plaintiff's agent and that the said engines were good and serviceable, defendant well knowing the said representations to be false; that plaintiff's agent, believing said representations, agreed to purchase, upon receiving a warranty that the engines, in all respects, would answer and be equal to the specification; that defendant executed a bill of sale containing such warranty in his own name, without disclosing the vendor, and plaintiff's agent confiding in the specification, representation and warranty, received the bill of sale, and paid to defendant $26,500, by means whereof plaintiff was greatly damaged, etc.

The defendant claimed upon the trial that as to the second count the rights of the parties were fixed by the bill of sale, and as it contained an implied warranty of quality upon which plaintiff relied, as stated in said count, it did not set forth facts sufficient to constitute a cause of action for fraud. *Held*, that as the complaint alleged, and as the referee found upon sufficient evidence, that it was by means of the false representations, as well as of the warranty, that plaintiff was deceived and suffered damage, a good cause of action for fraud was set forth and maintained. ( *Wardell* v. *Fosdick*, 13 J. R., 325; *Ward* v. *Wiman*, 17 Wend., 193.)

It appeared that plaintiff's agent advanced the money himself to make the purchase, and it did not appear that it had been

repaid by plaintiff. Defendant knew of the agency. *Held*, that it was not material whether the money was repaid or not; plaintiff was the principal, and as such was liable to the agent for the money advanced, and all loss resulting from the purchase was its loss.

Also, *held*, that it mattered not that upon the face of the papers the agent appeared as principal; that as principal plaintiff could enforce the contracts of its agent, although upon the face of the papers the agent was the apparent party, and although in an action to charge him as principal he might be estopped from showing his agency. Evidence will be received to let in a party not apparent in the contract, but not to discharge one apparently a party. (*Sims* v. *Bond*, 27 E. C. L. R., 97; *Beebee* v. *Robert*, 12 Wend., 413; *Ford* v. *Williams*, 21 How. [U. S.], 287; *Wilson* v. *Hart*, 7 Taunt., 295; *Trueman* v. *Loder*, 11 A. & E., 595; 39 E. C. L. R., 178.)

According to plaintiff's evidence on the trial, defendant, among other representations, represented to plaintiff's agent that one Bissell, known to said agent as an expert, had examined the engines carefully, and was a reliable man; he referred the agent to Bissell to ascertain the qualities of the engines, and sent Bissell to the agent. Bissell, in substance, stated that he had examined the engines, and that they conformed to the specification, and were good, serviceable engines. It appeared that in fact Bissell had never made any such examination, and that the engines were in a bad condition and unfit for use. *Held*, that as defendant assumed to have knowledge of the fact of Bissell's examination, which was a material fact, when in truth he had no such knowledge, if the representation was made with intent to deceive, it was, in a legal sense, false and fraudulent. (*Bennett* v. *Judson*, 21 N. Y., 238; *Wakeman* v. *Dalley*, 51 id., 27.) Also, that defendant was bound by the representations of Bissell. (*Barwick* v. *Eng. Joint Bk.*, L. R., 2 Exch., 259; *Hathaway* v. *Johnson*, 55 N. Y., 93.)

Plaintiff's counsel, after giving notice to defendant to produce the specification exhibited by defendant to plaintiff's agent, offered in evidence a paper, after proof that it was a substantial copy of the specification. This was denied by

defendant, who produced a paper claimed by him to be the original. It appeared that the description in the alleged copy was almost identical with that contained in the bill of sale, while the paper produced by defendant differed therefrom. The referee admitted the alleged copy. *Held*, no error; that the question as to its being a copy was a collateral issue for the referee to decide, and that the presumption was that in the drawing the bill of sale the parties followed the paper on which the negotiations had been based.

The referee received evidence, under objection, from experts, of the condition and value of the engines after they reached Peru. It was proved that they were in the same condition when they reached Peru as they were when purchased at Lowell, Mass., except some mishaps to one of them, which was run while on the way, occasioned by the defects in it, and that they had not been misused. *Held*, that the evidence was competent.

The referee allowed as damages the $6,000 paid to defendant, more than the engines cost him, and the difference in value between the engines as they were and as represented. *Held*, no error.

*T. Mitchell Tyng*, appellant, in person.

*Samuel Hand* for the respondent.

Folger, J., reads for affirmance.
All concur; Allen, J., not sitting.
Judgment affirmed.